The opinion of the Court was delivered by,
■Harper, Ch.
We are of opinion that the will in question must, according to the decision of the Court of Law, be considered altogether a will of personal property, and according to the decision of the Court of Law, which we are bound to follow, void altogether. I have no doubt that an executor may be a competent witness, according to the same decision, to establish a will of real estate, and such I should think him in the present case, if there were a direct devise of the land to A or to B. But the rule of Equity as established by the English Courts, notoriously is, that it is in the power of a testator, at his option, to give to his property the character of real or personal estate. If money is directed generally to be laid out in land, it will be regarded as land, and go to the heir at law, or otherwise as directed by the will. So, if the testator has contracted to purchase land before the making of the will, or an intestate before his death, without having taken a conveyance, this will pass as real estate. These rules are so familiar, that it is hardly necessary to refer to authorities in support of them.
*296 If real estate be directed to be sold for a particular purpose, as to pay debts or raise an annuity, &c., if after accomplishing the purpose, there should be a surplus, this will still be regarded as land, and will go to the heir at law. But if, as the cases express it, the land be directed to be sold “out and out,” so as to be converted at all events into personalty, this is regarded as a bequest of personal estate. This is explicitly ruled in the case of Fletcher vs. Ashburner, 1 Br. Ch. Cases, 499. The Master of the Bolls (Sir Thomas Sewell) observes, that “nothing was better settled than, that money directed to be employed in the purchase of land, and land directed to be'sold and turned into money, are to be regarded as that species of property into which they are directed to be converted, &c.” “ The owner of the fund, or the contracting parties, may make land money, or money land.” The authorities are very fully collected by Lewin in his treatise on trusts, pp. 177, 178, and the note appended. It is not necessary to comment on these in detail, for I believe there is no question with regard to the general principle. And so in the same treatise, 684, referring to Singen vs. Lowray, 1 Pr. Wms. 172, it is said, in reference to the choice given to a cestui que trust, to elect whether the fund shall remain land or money, “ that a cestui que trust, had divested money of its real quality by causing the securities to be changed, and the trust to be declared to himself and his executors, for this was tantamount to saying the money should not go to the heir.”
There would be insuperable difficulties in any other construction. The office of executor, in its proper signification, has relation only to personal estate. I suppose that if there were a- will merely of real estate and executors appointed, it might be within the competency of the Court to construe the words executors as equivalent to trustees. Executors may have a power to sell land: but the decision of the Court of Law, which we are bound to follow, is, that there are no executors. If we should construe the executor in this State, who has been decided to be no executor, to be a trustee; and, if he should sell the *297 land, how must the proceeds be disposed of? A trustee having such power to sell, must have paid over the proceeds to the executors, to be distributed as personal estate. But, according to the decision of the Court of Law, there are no executors. I do not know on what principle we could regard the single nominated executor in this State as a trustee to sell. Nor, according to the decision at law, which goes on the supposition of the testator’s being domiciled in this State, can we in any manner recognize the executors in England, or in Georgia ?
We do not at all contravene the decision of the Court of Law, that an executor may be a competent witness to a will devising real estate. But, what belongs exclusively to this Court, and which the Court of Law could not notice, is, that this was no devise of real estate. We do not doubt, but that if the land had been devised directly to A or B, the will might have been established on such testimony: but the entire purport of the will is to dispose of it as personal estate.
It follows, there being no valid will with regard to the property in question, that it must descend to the widow and child according to the statute of distributions; and it is ordered and decreed accordingly.
With- respect to costs and expenses, the report of the commissioner, overruling the third exception is confirmed; costs to be paid out of the entire estate.
Johnston and Dunkin, CC., concurred.

Decree modified.